**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Gerardo Rengifo-Sifuentes,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>　　　　　Respondent. | No. 21-679<br><br>Agency No.　　A099-311-401<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023**
San Francisco, California

Before: BOGGS,*** M. SMITH, and OWENS, Circuit Judges.

　　Gerardo Rengifo-Sifuentes ("Sifuentes"), a native and citizen of Peru,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal of an immigration judge's ("IJ") decision denying his

application for protection under the Convention Against Torture ("CAT").

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　***　　The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

"Where, as here, the Board adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994) and provides its own review of the evidence and law, we review the decisions of both the BIA and the IJ." *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022). We review the agency's legal conclusions *de novo* and factual findings for substantial evidence. *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). "Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

To receive CAT protection, Sifuentes must establish that he is more likely than not to experience torture if returned to Peru and that the torture will be perpetrated by the government or with its acquiescence. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). "Torture is defined as 'an extreme form of cruel and inhuman treatment' that is 'specifically intended to inflict severe physical or mental pain or suffering.'" *Lopez*, 901 F.3d at 1078 (quoting 8 C.F.R. § 1208.18(a)).

1. The record does not compel a finding that it is more likely than not Sifuentes would be tortured if returned to Peru. Sifuentes fears that he will be kidnapped and killed by criminals who think he has money because he has lived in the United States. However, "[p]rotection under CAT is based entirely on an

objective basis of fear; there is no subjective component to an applicant's fear of torture." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (internal quotation marks, alteration, and citation omitted).  As such, "speculative fear of torture is not sufficient to satisfy the applicant's burden." *Id*.

Substantial evidence supports the agency's finding that Sifuentes's fear of torture did not rise above a speculative level.  Although Sifuentes's family members have suffered random criminal acts, such as robbery, burglary, and attempted extortion, neither he nor his family has ever been subjected to physical violence, much less torture or threat of torture.  The letter that his brother-in-law received in Peru from an unknown "criminal group" in 2017 contained only a vague demand for a phone call, and the failure to make the call was not pursued by the criminals.  Indeed, his brother-in-law returned safely to the United States after staying in Peru for a month.

The country reports that Sifuentes submitted show general social unrest, crime, and corruption in Peru, but that does not suffice to establish his CAT claim.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

2.  Nor does the record compel a finding that the Peruvian government would acquiesce in any kidnapping or violence committed against Sifuentes.  Governmental acquiescence requires showing "that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter

3                                                                    21-679

breach his or her legal responsibility to intervene to prevent such activity. Such awareness requires a finding of either actual knowledge or willful blindness." 8 C.F.R. § 1208.18(a)(7).

Here, Sifuentes admitted that the police agreed to investigate the only criminal incident that his family brought to their attention. There is no evidence that the police have breached their legal duty to intervene in the crime. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

Moreover, although documents in the record describe government corruption and police ineffectiveness in Peru, the documents also indicate that the government is working to combat terrorism, prosecute corruption, and improve the police force. Evidence that a government is taking measures to combat crime and violence, even if not successfully, supports a finding that the government is not willfully blind. *See id.* at 1035.

Accordingly, substantial evidence supports the agency's determination that Sifuentes did not establish the elements of his CAT claim.

**PETITION DENIED.**